# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARL WEAVER on behalf of himself and those similarly situated, DAVID ADAMS on behalf of himself and those similarly situated,**

            **Plaintiff,**

**-vs-**                                                                                      **Case No. 6:10-cv-1309-Orl-28DAB**

**ORANGE COUNTY, FLORIDA,**

            **Defendant.**

_____

## ORDER TO STRIKE

This cause came on for consideration of an unauthorized "Supplemental Memorandum" (doc. 38) filed by Plaintiffs' counsel, Carlos V. Leach, Esquire.

Plaintiff filed this lawsuit pursuant to the Fair Labor Standards Act ("FLSA") seeking unpaid overtime. Doc. 1. The parties settled the case at mediation on February 21, 2011 (Doc. 34) and filed a Motion to Approve Settlement on March 7, 2011. Doc. 36.

The presiding District Judge, Judge Antoon, referred the matter for a determination whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108). After reviewing the parties' settlement agreement, the Court

entered an Order on March 14, 2011, noting that the parties had filed sufficient information regarding the nature of the claims, and the terms of settlement; however, they had not filed the pertinent information regarding any allowance for fees. Doc. 37. Plaintiff's counsel was ordered to file documentation in support of attorney's fees and costs within 14 days.

Instead of filing the documentation in support of fees, Plaintiff's counsel filed a "Supplemental Memorandum . . . in support of fees addressing this Court's position." Doc. 38. Counsel contends that his representation that "the Attorney's Fees and costs were carefully negotiated in a manner in which they did not compromise Plaintiffs' recovery" standing alone is sufficient and "there is no need for the Court to scrutinize the attorney's fees and costs,", in an apparent attempt to comply with the requirements applied by a different judge of the Court, *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009); *but see Cohen v. Goodyear Tire & Rubber Co.*, Case No. 6:09-cv-496-Orl-31DAB (Doc. No. 37) (approval of settlement not warranted where counsel's hourly rate exceeded amount that would be awarded under traditional loadestar analysis); *Caliva v. Metz & Assoc., Ltd.*, Case No. 6:09-cv-1340-31DAB (Doc. No. 23) (proposed settlement did not reflect that the amount to Plaintiff's counsel was determined independently from the amount paid to Plaintiff). Moreover, the cases cited as being authored by "Judge Antoon" were in actuality Orders adopting the Reports and Recommendations of the Magistrate Judges, to which no objections were filed and the recommendations were adopted without further analysis.

While Mr. Leach maintains that the Plaintiff's received "full actual damages" – a circumstance under which the Court need not review the fees at all – it does not appear that Plaintiffs received the full amount of liquidated damages to which they would be entitled under the FLSA.

*Compare* Doc. 36-1 *with* Docs. 23, 24, 25[1]. Moreover, Mr. Leach listed his billable hour rate as $300, although this Court has never awarded him more than $190 per hour, as of 2009, commensurate with his experience. *See, e.g., Correa v. Laiton, Inc.*, Case No. 6:09-cv-737-22DAB, Doc. 30 (November 2009), *Brotzman v. Stone Age Pavers*, Case No. 6:08-cv-2061-Orl-35DAB (March 2009); *Nagera v. Resort Construction, LLC*, 6:08-cv-77-19DAB (April 2009).

As the Court previously said in quoting another case with a similar situation involving a FLSA settlement for one of Mr. Leach's clients, which did not follow the *Bonnetti* reasoning:

> The Court cannot countenance a settlement agreement that contemplates paying [the plaintiff] 24% of his alleged entitlement, in part because of Fuji's inability to pay more, but paradoxically contemplates paying Morgan & Morgan approximately 34% more than its reasonable attorneys' fees and costs, which includes costs that Fuji had no legal obligation to pay under § 1920. This result highlights the conflict of interest inherent when plaintiff's counsel negotiates both its client's recovery and its fees with a defendant that is unable to pay the full amount of the plaintiff's claim. Fuji's ability to pay and its probable concern for its total liability, irrespective of the distribution of its payments between the plaintiffs' claims and attorneys' fees and costs, likely had an indirect or subliminal effect on the negotiations of the plaintiffs' recovery and Morgan & Morgan's attorneys' fees and costs. The evidence does not suggest that Mr. Leach consciously or intentionally bargained for a higher fee at the expense of the plaintiffs. Mr. Leach strains credibility, however, when he argues that Morgan & Morgan negotiated with Fuji in good faith to recover attorneys' fees in excess of reasonable amounts and costs beyond what Fuji was required to pay under § 1920, even though at least one of the plaintiffs had to compromise his claim because of Fuji's ability to pay. The Court cannot give its imprimatur to a settlement that requires Fuji to pay Morgan & Morgan supernumerary costs and attorneys' fees, while simultaneously requiring the plaintiffs to compromise their claims based, in part, on Fuji's inability to pay.

*Rodriguez v. Fuji Sushi, Inc.*, Case No. 6:08-cv-1869-22DAB, Doc. No. 27, quoted in *Correa v. Laiton, Inc.*, Case No. 6:09-cv-737-22DAB, Doc. 30.

In this case, counsel was ordered to file the fee documentation because Plaintiffs received less than a full settlement, yet counsel stated an hourly billing rate of $300 was being applied. *See* Doc. 23, 24, 25. The Court is also concerned in this particular case because listed in Plaintiff's three

---

[1] Another opt-in Plaintiff, Anthony Willis, filed a Consent to Join 6 days before the mediation and did not file answers to Court Interrogatories for the Court to compare to his settlement amount.

separate Answers to Court Interrogatories are the redundant and *identical* 10.5 hours of for attorney's fees, which would total 31.5 hours; Mr. Leach did not divide his time among the three Plaintiff's cases. *See* Doc. 23, 24, 25. Similarly, there is 8.1 hours of paralegal time listed in all three cases, for a total of 24.3. *See* Doc. 23, 24, 25.

Plaintiffs' "Supplemental Memorandum" is **STRICKEN**. Plaintiff's counsel is **ORDERED** to file documentation of attorney's fees and costs by **April 15, 2011.**

**DONE** and **ORDERED** in Orlando, Florida on April 8, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record