**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARL WEAVER on behalf of himself and those similarly situated, DAVID ADAMS on behalf of himself and those similarly situated,**

                **Plaintiff,**

**-vs-**                                                          **Case No. 6:10-cv-1309-Orl-28DAB**

**ORANGE COUNTY, FLORIDA,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 36)**
>
> **FILED:** March 7, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the

FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiffs work as either Fire Lieutenants or Fire Inspection Officers for the Defendant. Each of the Plaintiffs, at some time between August 2007 through August 2009, parked in an off-site facility and was not paid for compensable travel time from the parking facility to the office or first work location and back from the office or last work location to the parking facility. Doc. 36. They filed this suit seeking compensation for compensable travel time from the parking facility to the office or first work location and back from the office or last work location to the parking facility. Plaintiffs argued that this time was compensable work time within the meaning of the FLSA. *See Burton v. Hillsborough County, Fla.*, 181 Fed.Appx. 829 (11th DCA Fla. 2006) (employees were entitled to overtime compensation for time spent driving county-owned vehicle from county-owned parking site to first work-site of day, and from last work-site of day back to county-owned parking site). The Defendant disagreed. Doc. 36.

The Parties exchanged pay and time records. In addition, Defendant provided additional records that allowed Plaintiffs to revise their damage calculations. The Parties attended mediation on February 21, 2011. At the conclusion of the mediation, the parties represent that Defendant agreed to pay Plaintiffs for all uncompensated drive time which is the subject matter of this lawsuit. (*i.e.,* Defendant agreed to pay Plaintiffs full actual damages); all Plaintiffs accepted the offer. Doc. 36. Defendant presented Plaintiffs with sufficient evidence that it acted in good faith in its efforts to compensate Plaintiffs for the back wages they were owed once Defendant learned that its former pay practices necessitated the payment of back wages; thus, Defendant will not pay any liquidated damages as part of this settlement. Doc. 36.

Plaintiffs will receive the following amounts in settlement of their claims, representing all of the unpaid time (only) to which they allege they were entitled:

| Plaintiff | Court Interrog. Wage Amounts[1] | Full Amount of Back Wages Owed | Back Wages Already Paid | Back Wages in Settlement |
|---|---|---|---|---|
| Carl Weaver | $14,497.95 | $26,425.74 | $16,667.92 | $9,257.82 |
| David Adams | $2,107.34 | $13,740.28 | $7,052.84 | $6,687.44 |
| Gary Spahn | $21,183.39 | $29,056.33 | $8,896.48 | $20,159.85 |
| Anthony Willis | N/A | $12,422.20 | $0.00 | $12,422.20 |

Settlements in the amounts listed above to Plaintiffs for unpaid wages are fair and reasonable settlements. It is **RECOMMENDED** that theses settlements be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

---

[1] Doc. 23, 24, 25. In one Response to Court Interrogatories, Plaintiff acknowledged that a portion of the back wages had been paid to him (Doc. 24) and another Plaintiff acknowledged that Defendant said his "records were too complicated to determine how much [he] was owed for back pay but they were working on it." Doc. 25.

Although Plaintiff's counsel did not initially file the fee documentation as ordered (Docs. 37 & 39), he subsequently filed it as required. Doc. 40. The parties agreed at the mediation that Defendant will pay Plaintiffs' attorneys $7,620 in attorney's fees[2] and $380 in costs. Doc. 38. Mr. Leach has stated that his hourly rate charged in previous FLSA cases is $300; however, the Court has never awarded him although this Court has never awarded him more than $190 per hour, as of 2009, commensurate with his experience. *See, e.g.*, *Correa v. Laiton, Inc.*, Case No. 6:09-cv-737-22DAB, Doc. 30 (November 2009), *Brotzman v. Stone Age Pavers*, Case No. 6:08-cv-2061-Orl-35DAB (March 2009); *Nagera v. Resort Construction, LLC*, 6:08-cv-77-19DAB (April 2009)[3]. His hourly rate would be increased in the intervening two years and, based on his additional experience, to $250.

Mr. Leach filed an affidavit in support stating that he spent 33.7 hours on the case, which the Court has reviewed and finds the time reasonably expended. The attorney portion of the time expended is $8,425 – and the fee portion for two paralegals (at the reasonable hourly rate of $95) who spent a total of 24 hours on the case totals $2,280. The attorney's fee amount agreed to by the parties of $7,620 is reasonable versus the amount of time incurred and the hourly rates. It is **RECOMMENDED** that the attorney's fee portion of the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

---

[2] The Court had previously noted that in response to Court Interrogatories counsel had listed the identical attorney time (10.5 hours) and paralegal tie (8.1 hours) for all three cases; counsel explains this was the total time expended at that juncture in the case. Doc. 40.

[3] Mr. Leach insists on listing string citation of cases (without full case numbers to show the presiding and magistrate judges) awarding fees to him and other attorneys from different judges of this Court, and ignores the heightened level of scrutiny on all Plaintiff's attorney's fees that evolved once he and his firm, Morgan & Morgan, were sanctioned in October 2008. *See In re: FLSA cases,* Case No. 6:08-mc-49-Orl-UA-GJK.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 22, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy